# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDICAL PROVIDER FINANCIAL CORPORATION II, a Nevada corporation, and MEDICAL CAPITAL CORPORATION, a Nevada corporation,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO CENTER FOR WOMEN'S HEALTH AND PRIMARY CARE MEDICAL GROUP, INC., a California corporation; ROSALYN BAXTER-JONES, M.D., an individual,<br><br>Defendants. | Case No.: 07-mc-00413<br><br>**ORDER DENYING APPLICATION FOR RENEWAL OF JUDGMENT** |

An application for renewal of judgment has been submitted in the above-captioned action by E.D.S. Financial Services, Inc. ("EDS"), assignee of record of a foreign judgment previously registered in this Court by judgment creditors Medical Provider Financial Corporation II, a Nevada corporation, and Medical Capital Corporation, a Nevada corporation (the "judgment creditors"). For the reasons discussed below, the Court will deny the application.

1

1    On September 25, 2006, an order for judgment by default was entered in favor of the Nevada judgment creditors against San Diego Center for Women's Health and Primary Care Medical Group, Inc., a California corporation, and Rosalyn Baxter-Jones, M.D. (the "judgment debtors"), in the District of Nevada.

On August 17, 2007, the Nevada judgment was registered in this District. Certification of J. for Registration in Another Dist. (ECF No. 1). On June 27, 2011, Thomas Seaman ("Seaman"), the court-appointed receiver for the judgment creditors, filed an acknowledgement of assignment of judgment indicating all remaining interest in the judgment had been transferred to Karen Good d/b/a/ Judgment Enforcement Bureau ("Karen Good"). Acknowledgement of Assignment of J. (ECF No. 5.) On October 3, 2016, Seaman filed a second acknowledgement of assignment of judgment indicating the prior assignment to Karen Good was terminated and all remaining interest in the judgment returned to Seaman, who in turn assigned all remaining interest in the judgment to EDS. Acknowledgement of Assignment of J. (ECF No. 23).

On April 25, 2017, EDS filed the instant application. Although it is labeled an application for renewal of judgment, which tends to suggest EDS is seeking renewal of the original judgment issued in Nevada, the body of the application indicates EDS is actually seeking renewal of the registered judgment.

The Court first considers whether it has authority to consider the application for renewal of the registered judgment. Nevada law imposes a six-year statute of limitations on actions for enforcement of judgment. Nev. Rev. Stat. § 11.190(1). However, California's period for enforcement of judgments is ten years. Cal. Code Civ. P. §§ 683.020, 337.5(b). Thus, at the time EDS filed the instant application for renewal, the original judgment had been stale under Nevada law since September 24, 2012, but the registered judgment was still viable under California law, and will be until August 16, 2017.

The Court finds it can consider EDS's application for renewal of the

registered judgment despite the fact that the statute of limitations on the judgment has expired under Nevada law. The original judgment was registered in this District pursuant to 28 U.S.C. § 1963, which provides,

> A judgment in an action for the recovery of money entered in any district court may be registered by filing a certified copy of the judgment in any other district. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

28 U.S.C. § 1963. "When a final judgment from one district court is registered with another district court pursuant to § 1963, the registered judgment must be treated like any other judgment entered by the registering court." Peterson v. Islamic Republic of Iran, 627 F.3d 1117, 1123 (9th Cir. 2010).

Under § 1963, a registered judgment is enforced as a new judgment entered in the first instance in the court of registration. Wells Fargo Equipment Finance, Inc. v. Asterbadi, 841 F.3d 237, 245 (4th Cir. 2016). The statute of limitations on a registered judgment is determined under the law of the court of registration, and begins to run at the time of registration. Fed. R. Civ. P. 69(a)(1); Hilao v. Estate of Marcos, 536 F.3d 980, 988 (9th Cir. 2008); Wells Fargo Equipment Finance, Inc., 841 F.3d at 245-46. Moreover, the registered judgment remains valid for the duration of the statute of limitations of the registering court, even if the original judgment becomes stale under the statute of limitations of the forum state of the issuing court. Stanford v. Utley, 341 F.2d 265, 268 (8th Cir. 1965); Home Port Rentals v. Int'l Yachting Group, Inc., 252 F.3d 399, 405-07 (5th Cir. 2001).

Because the registered judgment is the equivalent of an original judgment, it may be renewed under the procedures for renewal of judgment of the forum state of the court of registration. Three related Ninth Circuit decisions are instructive in this regard. The first two are Fidelity Nat'l Fin., Inc. v. Friedman ("Fidelity I"), 602 F.3d 1121 (9th Cir. 2010), and Fidelity Nat'l Fin., Inc. v. Friedman ("Fidelity II"), 402 Fed. Appx. 194 (9th Cir. 2010) (mem.). In Fidelity I, a judgment issued in the

Central District of California was registered in federal court in Arizona, which has a five-year statute of limitations for enforcement of judgments. Fidelity I, 602 F.3d at 1122-23. The creditors attempted to renew the judgment in Arizona, but their flawed efforts to follow Arizona law in renewing the judgment led to an appeal in which the Ninth Circuit certified two questions of Arizona law to the Arizona Supreme Court. Id. at 1124. Although the certified questions were answered in the negative, and the renewal efforts thus ultimately failed under Arizona law, in both Fidelity I and Fidelity II, the Ninth Circuit accepted the underlying premise that the judgment creditors could renew the registered judgment in the federal court of registration by following the renewal procedures of the forum state. See id. at 1123 ("The federal court applies state law … when renewing a judgment that has already been registered in that state.")

In Fidelity Nat'l Fin., Inc. v. Friedman ("Fidelity III"), 803 F.3d 999 (9th Cir. 2015), the Ninth Circuit addressed the next step in the creditors' efforts to collect on the judgment. After their efforts to renew the judgment in Arizona were deemed flawed, the creditors took the original judgment (which was still viable under California's ten-year statute of limitations), registered it in Washington federal district court, and then registered the Washington-registered judgment in federal court in Arizona. Id. at 1001. The second Arizona registered judgment was held valid and enforceable. "By the plain language of § 1963, a registered judgment has the 'same effect' as an original judgment and thus may itself be registered…." Id. at 1002 (quoting 28 U.S.C. § 1963). Applying this principle here, if a registered judgment, like an original judgment, can be registered in another jurisdiction, it should likewise be capable of renewal by application to the registering District.

Having found that it can consider EDS's application for renewal of the registered judgment, the Court finds the application must nevertheless be denied because it does not satisfy the requirements for renewal. California law, which applies to these proceedings under Fed. R. Civ. P. 69(a), has established

procedures for renewal of judgment in California Code of Civil Procedure § 683.140. See Cal. Code Civ. P. § 683.140; see Fidelity I, 602 F.3d at 1123 ("The federal court applies state law … when renewing a judgment that has already been registered in that state."). Section 638.140 requires that "[t]he application for renewal of the judgment shall be executed under oath" and "shall include," among other things, "[t]he name and address of the judgment creditor and the name and last known address of the judgment debtor," as well as, "[i]n the case of a money judgment, the information necessary to compute the amount of the judgment as renewed." Id.

EDC's application for renewal fails to satisfy these requirements. It is not executed under oath, and it does not include the address of EDS. Cal. Code Civ. P. § 683.140(c). It also fails to provide information necessary to compute the amount of the judgment as renewed. Cal. Code Civ. P. § 683.140(d). EDS's calculation of the principal, interest, and credits, is as follows:

| | |
|---|---|
| Total Judgment: | $ 94,949.09 |
| Interest after Judgment [1] through 12/31/2015 | $251,730.64 |
| Credits after Judgment through 12/31/2015 | <54,624.62> |
| Sub-Total: | $292,055.11 |
| Interest after Judgment 1/1/2016-4/24/2017 | $ 69,133.05 |
| Credits after Judgment 1/1/2016-4/24/2017 | <   2,000.00.> |
| Total renewed Judgment: | $359,188.16 |

Appl. for Renewal at 3. This information is not sufficient to enable the Court to "compute the amount of the judgment as renewed" as required by § 683.140(d), or alternatively, to confirm that EDS has computed the amount correctly. EDS adds interest through 12/31/2015 before deducting amounts paid. Calculating the interest in the aggregate before applying the debtors' payments in the aggregate is almost certain to overstate the amount of the remaining debt. Also, EDS fails to explain the significance of the two time periods it uses for its calculations ("through

1  12/31/2015" and "1/1/2016-4/24/2017").  By setting forth interest accrued and
2  payments made as totals "through 12/31/2015" and for the period "1/1/2016-
3  4/24/2017", EDS keeps its calculations opaque.  EDS has failed to supply any
4  underlying data regarding individual payments, interest accrued at the time of each
5  payment, nor has it provided information explaining or justifying the aggregate
6  amounts stated in the application.  The Court thus cannot determine the accuracy
7  of EDS's calculations and finds EDS has failed to "provide information necessary
8  to compute the amount of the judgment as renewed."  Cal. Code Civ. P.
9  § 683.140(d).  Therefore, EDS's application for renewal of judgment fails to comply
10 with § 683.140.

In sum, the Court finds that it can entertain an application for renewal of a registered judgment previously registered in this District.  Here, however, EDS has failed to comply with the pertinent requirements for application for renewal of judgment under California law.  Accordingly, the Court DENIES EDS's application for renewal of judgment.  [ECF No. 26.]

IT IS SO ORDERED.

Dated:  May 2, 2017

_____
Barry Ted Moskowitz, Chief Judge
United States District Court